IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dana LaShaune Dixon, ) | Case No. 3:23-cv-05163-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| S.C. Department of Mental Health; ) | |
| S.C. State Accident Fund; M. ) | |
| Stephen Stubley, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Complaint [Doc. 1] and a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 10]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On October 27, 2023, the Magistrate Judge issued a Report recommending that the case be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. [Doc. 10.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. On November 13, 2023, Plaintiff filed objections to the Report. [Doc. 13.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to

which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks omitted)).

The Magistrate Judge recommended summary dismissal of this case "because Plaintiff fails to demonstrate federal jurisdiction over her claim."  [Doc. 10 at 3.]  More specifically, as explained in the Report, the Court does not have federal question jurisdiction over this case because it does not arise under the Constitution, laws, or treaties of the United States, and the Court does not have diversity jurisdiction over this case because Plaintiff has provided no indication that the parties in the case are diverse.  [*Id.* at 4.]  In her objections, Plaintiff primarily restates the factual basis for her claim and fails to address the Magistrate Judge's legal analysis or conclusion that the Court is without subject matter jurisdiction over this case.  [Doc. 13.]  However, at the conclusion of her objections, Plaintiff states that she filed her "claim at this Court on the grounds of harassment, retaliation, bias, [and] prejudice [she] ha[s] endured at [e]very hearing at the lower courts and [her] 14[th] amendment violations[ a]nd the malicious acts of defendants[] towards [her]," thereby invoking a constitutional right.  [*Id.* at 6.]  Nevertheless, "mere invocation of a . . . constitutional right[] is insufficient to confer federal court subject matter jurisdiction."  *Wilson v. GMAC Mortg., LLC*, No. 2:14-cv-01615-SB,

2015 WL 5244967, at *4 (D.S.C. Sept. 8, 2015).  The Court concludes that Plaintiff's conclusory reference in her objections to the Fourteenth Amendment is insufficient to confer federal question jurisdiction.

The Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, the action is summarily DISMISSED without prejudice and without issuance and service of process for lack of subject matter jurisdiction.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

April 17, 2024
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.